**SO ORDERED.**

**SIGNED this 10 day of November, 2008.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE:<br>**KENNIS JACOBS**<br>**WENDY PETTIFORD JACOBS**<br>**FKA WENDY G. JACOBS**<br>**FKA WENDY GAIL JACOBS**<br><br>SSN: xxx-xx-4206<br>SSN: xxx-xx-9906<br>              **DEBTORS** | CASE NO. 06-01571-5-ATS |

**CONSENT ORDER FOR CURING POST CONFIRMATION DEFAULT**
**AND CONDITIONAL CONTINUANCE OF AUTOMATIC STAY**

THIS CAUSE coming on to be heard and being heard before the undersigned United States Bankruptcy Judge for the Eastern District of North Carolina upon request of CHASE HOME FINANCE, LLC, ("CHF"), to lift the automatic stay.

And it appearing to the Court and the Court finding from the record and stipulation of counsel that CHF is a Creditor holding a claim against the Debtors secured by the Debtors' principal residence located at 112 N. Nash Street, Hillsborough, North Carolina; that the Debtors' confirmed Chapter 13 Plan proposed to pay the current portion of said indebtedness directly to the Secured Creditor; that the Debtors are delinquent in paying the direct payments. The payments, late charges, attorney fees and costs through October 31, 2008, are $5,890.78. A breakdown of the arrearage is as follows:

| | | |
|---|---|---|
| Payments     04/08 - 05/08 | $826.25 x 2 = | $ 1,652.50 |
| Payments     06/08 - 10/08 | 841.87 x 5 = | 4,209.35 |
| Bankruptcy Attorney Fees and Costs | | 500.00 |
| Less: Funds Held in Suspense | | - 471.07 |
| Total Arrearage Through:  October 31, 2008 | | <u>$5,890.78</u> |

HSB Case No: BK370.044830                    Bky Case No: 06-01571-5-ATS

The Debtors are prepared to cure the post-petition arrears, together with the late charges, and thereafter maintain payments throughout their Chapter 13 Plan in accordance with the provisions and terms of this Order.

NOW, THEREFORE, based upon the foregoing findings of fact and conclusions of law, and with the consent of all parties, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The Debtors will timely pay all sums due under the Note and Deed of Trust. All parties acknowledge that all payments are due on the 1st day of each month.

2. Since the filing of this Motion, Debtors have tendered funds in the amount of $842.00. After application of $842.00, the remaining post-petition arrearage is $5,048.78.

2. The amount of $500.00 shall be put inside the Debtors' Chapter 13 Plan. The Debtors' Chapter 13 Plan is hereby extended a sufficient number of months to accommodate this additional claim due CHF. This amount is to be added to the existing arrearage claim due CHF, classified as a secured claim, and paid pro-rata by the Trustee with other secured claims. After placing the $500.00 inside the Debtors' Chapter 13 Plan, the remaining post-petition arrearage is $4,548.78.

3. The Debtors' attorney, William G. Berggren, is awarded the presumptive fee of $350.00 for defense of CHF Motion for Relief from Stay. Said $350.00 is to be paid through the Debtors' Chapter 13 Plan. The Trustee shall adjust Debtors' Plan by increasing the "base" and extending the Plan as needed to accommodate this claim.

4. Beginning with the November 1, 2008 payment, Debtors shall pay their regular monthly payment (currently $841.87), directly to CHF.

5. Beginning with the December 1, 2008 payment, Debtors shall pay their regular monthly payment, plus an additional payment of $758.13 to be applied to the post-petition arrearage. Said additional payment of $758.13 is to continue each and every month thereafter until the total post-petition arrearage is paid in full.

6. In the event CHF does not receive any payment from the Debtors under this Order by the 30th day of the month in which the payment is due, then the automatic stay and restraining Order entered in this case are hereby modified without further notice or hearing and the Debtors' property is released for foreclosure by CHF or the then Noteholder as provided for by the terms of the security instrument. Said modification will occur immediately upon the Debtors' default and the 10 day waiting period of F.R.B.P. 4001(a)(3) will not apply. This provision shall expire 12 months from the date of this Order.

7. In the event the Debtors default after proper notice, if any, has been given pursuant to paragraph (6) above, Movant/Noteholder will file a Notice of Lift of Stay with

the court.  Upon filing of the Notice of Lift of Stay, the Trustee is hereby directed to cease disbursements on the pre-petition claim due the Movant/Noteholder.  Noteholder (or Assignee) is allowed 180 days from the time the Relief of Stay is entered to liquidate the real property and file a documented deficiency claim with the Chapter 13 Trustee.

JOSEPH J. VONNEGUT, ATTORNEY FOR
CHASE HOME FINANCE, LLC


s/William G. Berggren

WILLIAM G. BERGGREN, ATTORNEY FOR DEBTORS


NO PROTEST/NO OBJECTION


s/John F. Logan

JOHN F. LOGAN, TRUSTEE

End of Document